IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**LORRAINE C. GARCIA,**

    **Plaintiff,**

vs.                                                Civ. No. 01-1014 JP/RLP

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

    **Defendant.**

## UNITED STATES MAGISTRATE JUDGE'S
## ANALYSIS AND RECOMMENDED DISPOSITION[1]

1.     Plaintiff, Lorraine C. Garcia ("Plaintiff" herein), invokes this Court's jurisdiction under 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner"). The Commissioner determined that Plaintiff was not eligible for disability insurance benefits. Plaintiff moves this Court for an Order reversing the Commissioner's final decision and remanding for a rehearing. For the reasons stated herein, I recommend that Plaintiff's Motion be granted, and that this matter be remanded to the Commissioner for additional proceedings consistent with this Analysis and Recommended Disposition.

2.     Plaintiff, born November 5, 1955, was forty-four years of age at the time of the administrative hearing. She is a high school graduate. Plaintiff alleges that she has been unable to work since

---

[1]Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. §636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten (10) day period if that party seeks appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

August 16, 1999, due to degenerative joint disease of the left ankle, Keinboch's syndrome[2] of the left wrist, hypothyroidism, obesity[3] and loss of vision in her left eye[4]. She has also been diagnosed with lupus/rheumatoid arthritis overlap pattern. Her application was denied at the initial and reconsideration stages, and she sought timely review from an Administrative Law Judge ("ALJ"). In an opinion dated February 14, 2001, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act and denied her benefit request. The Appeals Council denied Plaintiff's request for review on July 20, 2001.

3. Plaintiff raises the following issues on appeal:

   a. Whether the ALJ erred in finding that her past work as receptionist in a day care facility was substantial gainful activity;

   b. Whether the ALJ erred in his analysis at step three of the sequential evaluation process by failing to identify and discuss the listed impairments he considered;

   c. Whether the ALJ erred at step four of the sequential evaluation process by failing to review the demands of Plaintiff's past relevant work., and failing to consider her testimony with regard to her nonexertional impairments, and

   d. Whether the ALJ erred in evaluating Plaintiff's credibility.

4. The sequential evaluation procedure followed by the Commissioner in determining Social Security disability applications requires a determination at each of five steps whether the claimant is

---

[2] Early collapse of the lunate and obliteration of the radial lunate fossa. (Tr. 132, 158).

[3] Plaintiff is 5'2" and weighs approximately 280 lbs. (See e.g., Tr. 157, 192).

[4] Plaintiff was born with a "lazy eye." Corrective surgery at age eight was not successful. (Tr. 158). Vision in her right eye is 20/30, and in her left eye is 20/400. (Tr. 186).

2

disabled or not. If the claimant is found to be disabled or not disabled at any step, the evaluation ends. **Gossett v. Bowen**, 862 F.2d 802, 805 (10th Cir.1988); **Reyes v. Bowen**, 845 F.2d 242, 243 (10th Cir.1988); 20 C.F.R. §404.1520.

5. On appeal, the Court considers whether the Commissioner's final decision is supported by substantial evidence, and whether the Commissioner used the correct legal standards. **Glenn v. Shalala**, 21 F.3d 983 (10th Cir. 1994); **Hamilton v. Secretary of Health and Human Services**, 961 F.2d 1495, 1497-98 (10th Cir. 1992); **Pacheco v. Sullivan**, 931 F.2d 695, 696 (10th Cir. 1991). To be substantial, evidence must be relevant and sufficient for a reasonable mind to accept it as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance. **Trimiar v. Sullivan**, 966 F.2d 1326, 1329 (10th Cir. 1992). If supported by substantial evidence, the factual findings of the Commissioner are conclusive and must be affirmed. **Clifton v. Chater**, 79 F.3d 1007, 1009 (10th Cir. 1996).

**The ALJ Erred at Step Three of the Sequential Evaluation Process**

6. Plaintiff was examined by Matthew McKinley, M.D., an orthopedic surgeon, on July 21 and August 2, 2000, for evaluation of her ankles, wrists and hands. (Tr. 190-193). Based on clinical examination, Dr. McKinley diagnosed left ankle osteoarthritis, ordered serologic tests, and provided her with samples of *Celebrex*, a nonsteroidal anti-inflammatory medication indicated for the treatment of both osteoarthrits and rheumatoid arthritis. **2002 Physicians Desk Reference**, p. 2676-2680. Dr. McKinley referred Plaintiff to a rheumatologist, Frank X. O'Sullivan, M.D., when lab results indicated a positive rheumatoid factor and positive ANA. Plaintiff saw Dr. O'Sullivan on October 23, 2000, three weeks after her administrative hearing, and approximately three months after she had started taking *Celebrex*. (Tr. 177-179). Dr. O'Sullivan repeated the serologic testing, and based on

the results and her clinical presentation diagnosed lupus/rheumatoid arthritis overlap syndrome (Tr. 176). In terms of clinical presentation, Dr. O'Sullivan noted :

> The small joints of the hands again note mild tenderness to palpation of the left third and fourth PIPs, the right fourth PIP as well as synovial thickening of the rest of the MCPs and PIPs of both hands. The right wrist was slightly tender to palpation as was the left . . . The left ankle exhibited pain to palpation with mild true ankle swelling without warmth or effusions. There was limitation of subtalar joint movement and true ankle joint movement on the left passively . . .

(Tr. 176).

In terms of serologic findings, Dr. O'Sullivan noted:

> . . . (T)he ANA was again positive at a significant titer of 1:640 with a centromere pattern. Anti-DNA titer was also positive at 1:640. The rheumatoid factor was 239. The sedimentation rate was 9. The comprehensive metabolic panel was notable only for an ALT of 104. . .

Id.

Dr. O'Sullivan advised Plaintiff to continue to take previously prescribed medications, and added *Plaquenil*, a medication used to treat lupus erythematosus. **2002 Physicians Desk Reference**, p. 3082-3084.

7.     As argued by Plaintiff, these findings certainly suggest the qualifying criteria for *per se* disability pursuant to Listing §1.02.[5]     Although the ALJ recited much of Dr. O'Sullivan's medical

---

[5]1.02 *Active rheumatoid arthritis and other inflammatory arthritis.*
With both A and B.
A. History of persistent joint pain, swelling, and tenderness involving multiple major joints (see 1.00D) and with signs of joint inflammation (swelling and tenderness) on current physical examination despite prescribed therapy for at least 3 months, resulting in significant restriction of function of the affected joints, and clinical activity expected to last at least 12 months; and
    B. Corroboration of diagnosis as some point in time by either
        1. Positive test for rheumatoid factor; or
        2. Antinuclear antibodies; or
        3. Elevated sedimentation rate . . .

findings, he does not state whether he found that Plaintiff failed to meet all, or some, of the specified medical criteria. I simply can not determine whether he considered Listing §1.02. His analysis at step three of the sequential evaluation process was limited to two sentences: "The record reflects a history of diagnoses and/or treatment for degenerative joint disease of the left ankle, Keinbock's syndrome of the left wrist, hypothyroidism, obesity , and loss of vision in the left eye. However, at the third sequential step, the claimant does not have an impairment or combination of impairments that meets or equals a listed impairment. . ." (Tr. at 14, repeated a Finding #3, Tr. 18).

8. These findings are insufficient, and on remand, the ALJ should discuss the evidence in the record which supports his findings. **See Clifton v. Chater**, 79 F. 3d at 1008-10. (Although an ALJ is not required to discuss every piece of evidence, he must discuss the evidence supporting his decision, the uncontroverted evidence he chooses not to rely upon, and significantly probative evidence he rejects. The ALJ can not merely state a summary conclusion that claimant's impairments did not meet or equal any listed impairment).

**The ALJ Erred At Step Four of the Sequential Evaluation Process**

9. The ALJ found that Plaintiff retained the residual functional capacity for a range of sedentary work and could perform her past relevant work as a receptionist as a day care center. (Findings 5 & 6, Tr. 19). Plaintiff focuses on the period when Plaintiff was employed full time, arguing that her job at the day care center was never as a receptionist, and that she performed those duties only for a two hour period per day, spending the rest of her work day in child care. (Docket No. 9 p. 4, citing to Tr. 57).

10. Plaintiff began working as a care giver in a day care center in 1993. (Tr. 39, 102). During her tenure she provided care to different aged children, and also substituted as an assistant to the day

care director when the director was out and when the director took maternity leave. (Tr. 39-42, 104). When substituting for the director she answered the phone, watched the door and supervised 14 other workers. Id. Plaintiff continues to work 4-6 hours one day a week answering the telephone, watching the door and being a tour guide for the day care center, earning $7.00 per hour. (Tr. 42-43, 123).

11. To constitute past relevant work, a job must have been (1) held "within the past fifteen years," (2) performed for a "sufficient duration to enable the worker to learn to do the job," and (3) sufficiently productive and remunerative to qualify as "substantial gainful employment." **Jozefowicz v. Heckler**, 811 F.2d 1352, 1355-56 (10th Cir.1987); see 20 C.F.R. 404.1565(a). The ALJ found that Plaintiff's receptionist duties were not sufficiently remunerative to constitute substantial gainful activity as of March 1999, when she began working one day a week. (Tr. 14). This finding is relevant at step one of the sequential evaluation process. 20 C.F.R. §404.1520(b).

12. To find that Plaintiff's work as a receptionist before March 1999 was past relevant work, the ALJ had to bifurcate the duties that she performed prior to March 1999, that is, separate the duties of day care worker from the duties of receptionist. By treating Plaintiff's receptionist duties as a separate position, the ALJ concluded, at step four of sequential evaluation process, that Plaintiff had the residual functional capacity to perform her past work. This separation of Plaintiff's duties is not permissible. Where it is clear that a claimant's past employment was a "composite job,"[6] an ALJ may not find a claimant capable of performing her past relevant work on the basis that she can meet some of the demands of her previous position, but not all of them. **E.g., Armstrong v. Sullivan**, 814

---

[6]Social Security Ruling 82-61, 1982 WL 31387, *2, defines a composite job as having "significant elements of two or more occupations and, as such, hav[ing] no counterpart in the DOT [Dictionary of Occupational Titles]."

6

F.Supp. 1364, 1372 (W.D.Tex.1993); **Taylor v. Bowen**, 664 F.Supp. 19, 22-23 (D.Me.1987).

13. Although the Tenth Circuit has not considered this issue, case law from other jurisdictions supports this holding. In **Valencia v. Heckler**, 751 F.2d 1082, 1086-1087 (9th Cir. 1985), the Ninth Circuit held that because tomato sorting was merely one of the claimant's many duties as an agricultural worker, it was error to conclude that the claimant could perform her past relevant work solely because she retained the residual functional capacity to complete this single task. In **Armstrong v. Sullivan**, 814 F.Supp at 1371-72, the United States District Court for the Western District of Texas applied Valencia's reasoning and stated that where a claimant's previous work was as a "cook/cashier," the administrative law judge could not consider her ability to perform the less demanding duties of a cashier while ignoring her duties as a cook. In **Taylor v. Bowen**, 664 F.Supp. at 22-23, the United States District Court for the District of Maine held that the ALJ could not separate the claimant's previous position as an office worker/receptionist into two separate jobs in order to find the her capable of performing her past work as a receptionist when she could not also perform the tasks of an office worker.

> Every occupation consists of a myriad of tasks, each involving different degrees of physical exertion. To classify an applicant's 'past relevant work' according to the least demanding function of the claimant's past occupations is contrary to the letter and spirit of the Social Security Act.

**Valencia**, 751 F.2d at 1086. Applying the reasoning of these cases, the ALJ erred, as matter of law, by relying on an incorrect characterization of Plaintiff's prior work in order to conclude that she retained the residual functional capacity to perform her past relevant work. Although consideration of Plaintiff's ability to perform the job of receptionist at a day care center may be germane at step five of the evaluation process, the ALJ did not made findings at step five, nor is the evidence of record

7

sufficient to do so.

14. Because this matter must be remanded for additional proceedings, I do not reach the remainder of the issues raised on appeal.

**Recommended Disposition**

15. For these reasons, I recommend that Plaintiff's Motion to Reverse and Remand be granted and that this cause be remanded to the Commissioner for additional proceedings in order to reevaluate Plaintiff's claim at step three of the sequential evaluation process, identifying and addressing the criteria for Listing §1.02. Plaintiff shall be permitted to submit additional medical evidence relevant to evaluation of listed impairments. If the Commissioner is unable to decide this case in Plaintiff's favor at step three of the sequential evaluation process, the Commissioner shall conduct a supplemental administrative hearing addressing the remaining steps of the sequential evaluation process. Both sides will be allowed to present additional evidence at this supplemental hearing.

_____
**RICHARD L. PUGLISI**
**UNITED STATES MAGISTRATE JUDGE**